1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GREGORY ANDREW HALL,

11            Plaintiff,                No. CIV S-03-1595 DFL KJM P

12       vs.

13   EDWARD S.  ALAMEIDA, JR., et al.,

14            Defendants.           FINDINGS & RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

17   42 U.S.C. § 1983.  He filed his original complaint on July 30, 2003 and his third amended

18   complaint on December 8, 2003.

19            On December 13, 2004, defendants Alameida, Runnels, McDonald, Minnick

20   Norguard, Cook, Fleming, Iannone, McCoy, Harden, Hitchock, Rush and Abamonga filed a

21   motion to dismiss, alleging plaintiff has failed to exhaust his administrative remedies.

22   I.  Allegations Of The Complaint

23            In the third amended complaint, plaintiff alleges that defendants Fleming,

24   Iannone, McCoy and Harden beat him up and wrote a false report about the incident; and that

25   /////

26   /////

1

1  defendant Abamonga refused to give him medical treatment as he lay on the ground, bleeding

2  from the face, and then falsified the medical reports.  Compl. at 4.[1]

3          Defendant Hitchcock allegedly used unnecessary force on plaintiff's arm on

4  November 5, 2003.  Id.  Defendant Rush tampered with plaintiff's food.  Id.

5          On July 8, 2003, plaintiff alleges defendants Alameida, Runnels, McDonald,

6  Minnick, Norguard and Cook implemented a racist policy, set forth in a California Department of

7  Corrections (CDC) memorandum, by ordering African American inmates to be locked-down

8  following a melee with skinheads and Nazis, and then requiring African Americans to participate

9  in anger management classes before being released from the lock-down, even though not all

10  African Americans had been involved and other racial groups were not required to participate in

11  the classes.  Compl. at 1.

12  II.  The Prison Litigation Reform Act And Administrative Remedies

13          The Prison Litigation Reform Act (PLRA) provides that

14          [n]o action shall be brought with respect to prison conditions under
        section 1983 with respect to prison conditions under section 1983
15          of this title . . . by a prisoner confined in any jail, prison, or other
        correctional facility until such administrative remedies as are
16          available are exhausted.

17  28 U.S.C § 1997e(a).  "Conditions of confinement" subject to exhaustion have been defined

18  broadly as "the effects of actions by government officials on the lives of persons confined in

19  prisons."  18 U.S.C. § 3626(g)(2); Smith v. Zachary, 255 F.3d 446, 449 (7th Cir. 2001), cert

20  denied, 535 U.S. 906 (2002); see also Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002).   To

21  satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the

22  plaintiff has included in the complaint.   Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (purpose

23  of exhaustion requirement is to give officials "time and opportunity to address complaints

24  /////

25

26          [1] Citations to the complaint are to the attachment to the form complaint.

1  internally before allowing the initiation of a federal case"); <u>Brown v. Sikes</u>, 212 F.3d 1205, 1209

2  (11th Cir. 2000) ("1997e(a) requires that a prisoner provide as much relevant information as he

3  reasonably can in the administrative grievance process"). Exhaustion of available remedies is

4  mandatory. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).

5        A motion to dismiss for failure to exhaust administrative remedies prior to filing

6  suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. <u>Wyatt v. Terhune</u>, 315 F.3d

7  1108, 1119 (9th Cir.), <u>cert</u>. <u>denied</u> <u>sub</u> <u>nom</u>. <u>Alameida v. Wyatt</u>, 540 U.S. 810 (2003). In

8  deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look

9  beyond the pleadings and decide disputed issues of fact. <u>Id</u>. at 1119-20. Defendant bears the

10  burden of proving plaintiff's failure to exhaust. <u>Id</u>. at 1119.

11        The California prison grievance procedure has several layers, culminating in the

12  third, or Director's, level review. Cal.Code Regs tit. 15, §§ 3084.1- 3084.5. Administrative

13  procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or

14  third level review, with respect to his issues or claims, unless a step of the grievance process is

15  not available to plaintiff. Cal. Code Regs. tit. 15, § 3084.5.

16        The regulations contain time limits both for the inmate and the institution. Cal.

17  Code Regs. tit. 15, § 3084.6. Once an inmate's grievance is timely filed (within fifteen working

18  days of the event or decision being appealed or of receiving an unacceptable lower level

19  decision), an informal response is to be completed within ten working days, a first level response

20  within thirty working days, second level within twenty working days, and a third within sixty

21  working days of receipt of the grievance or appeal. <u>Id</u>., §§ 3084.6(a) & (b)(1)-(4). In general, all

22  available steps must be completed before a civil rights action is filed; exhaustion during the

23  pendency of the litigation will not save a claim or an action from dismissal. <u>McKinney v. Carey</u>,

24  311 F.3d 1198, 1200 (9th Cir. 2002). However, in <u>Ngo v. Woodford</u>, 403 F.3d 620, 625 (9th Cir.

25  2005), the Ninth Circuit recently has held that an inmate has exhausted all available remedies

26  even when a grievance is rejected as time-barred because no further level of appeal remains

1    available in the prison grievance system.

2    III.  Analysis

3          A.  Grievances Plaintiff Submitted

4                Defendants have submitted the declarations of D. Jackson, appeals coordinator for

5    High Desert State Prison (HDSP), and N. Grannis, chief of the Inmate Appeals Branch in

6    Sacramento, which handles the Director's Level determinations of grievance appeals, as well as

7    plaintiff's deposition taken October 29, 2004 in support of their motion to dismiss.

8                Jackson avers that plaintiff submitted fifteen grievances between July 1, 2003 and

9    December 31, 2003, which were "screened out" or rejected for failure to comply with the

10   regulations concerning grievances and returned to plaintiff without further processing.

11   Declaration of  D. Jackson in Supp. of Mot. to Dismiss (Jackson Decl.) ¶¶ 3-4.  Four grievances

12   were accepted: numbers 03-1377, 03-1769, 02-2053, 03-2083.  Id. ¶¶ 5-9.

13               Attached to Jackson's declaration are copies of the grievances accepted and

14   associated documents.  In grievance 03-1377, plaintiff complains that various correctional

15   officials, including Runnels,[2] McDonald, Harden and Minnick, failed to prevent the June 2003

16   melee and then placed African American inmates on lockdown without due process.  Jackson

17   Decl., Ex. 1 (grievance form).   Plaintiff pursued this grievance through the Director's Level

18   review, which was completed on December 22, 2003.  Id. (Director's Level decision);

19   Declaration of N. Grannis in Supp. Of Mot. To Dismiss (Grannis Decl.) ¶ 6.  At his deposition,

20   plaintiff said that his other grievances about the lockdown were "the ones that wasn't processed

21    . . . or they sent them back and rejected them."  Deposition of Gregory Hall (Hall Depo.)  at

22   76:14-16.

23               In grievance 03-1769, plaintiff describes being beaten by defendants Iannone,

24   McCoy and Fleming on August 10, 2003, and claims that defendant Harden refused him medical

25   _____

26          [2]  Runnels is misidentified in the grievance as "Reynolds."  See Hall Depo. at 77:15-23.

4

care.  Jackson Decl., Ex. 2 (grievance form).  A Director's Level decision was issued on January 20, 2004.  Jackson Decl., Ex.  2 (Director's Level decision); Grannis Decl.  ¶ 7.  In his deposition, plaintiff acknowledges that defendant Abamonga's alleged failure to treat him occurred in connection with this incident.   Hall Depo. at 104:21-105:18.

In grievance 03-2053, plaintiff complains that defendant Rush came to his cell on October 1, 2003 and asked him to see a psychologist; he characterizes this as harassment.  Jackson Decl., Ex. 3 (grievance form).  The Director's Level decision on this grievance was issued on April 2, 2004.  Jackson Decl., Ex. 3 (Director's Level); Grannis Decl. ¶ 8.  In his deposition, plaintiff identified Rush's alleged tampering with plaintiff's food as part of the harassment.  Hall Depo. at 95:13-20.

In grievance 03-2083, plaintiff notified correctional authorities about the involvement of certain staff members, including Cook and Minnick, in racketeering and prostitution, claims not raised in this action.  Jackson Decl., Ex. 4 (grievance form).  A Director's Level determination was issued on March 19, 2004.  Jackson Decl., Ex. 4 (Director's Level decision); Grannis Decl. ¶ 9.

### B. Timing of Completion of Grievance Process for Those Accepted

Based on the above, as to defendants Fleming, Iannone, McCoy, Harden, Abamonga and Rush, plaintiff failed to complete the grievance process before he initiated this suit on July 30, 2003.  See Jackson Decl., Exs. 2, 3.  Therefore, the claims as to these defendants should be dismissed.  Moreover, the November 5, 2003 incident with defendant Hitchcock occurred after plaintiff filed his initial complaint.  Whenever plaintiff attempted to grieve this incident, if he did, it would have been after the initial complaint was filed.  Accordingly, the claims as to defendant Hitchcock also are subject to dismissal.  See Jackson v. District of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001).

/////

/////

5

C.  <u>Effect of Grievances Screened Out</u>

Plaintiff's claims against Alameida, Runnels, McDonald, Minnick, Norguard and Cook are on a different footing.  Plaintiff alleges these defendants designed and implemented a discriminatory policy on or about July 8, 2003.  As Appeals Coordinator Jackson acknowledged, plaintiff submitted fifteen grievances between July 1, and December 31, 2003, all of which were rejected or screened out.  In his deposition, plaintiff suggests it was one of these "screened out" grievances that concerned the alleged discriminatory policy.  Jackson Decl. ¶ 3; Hall Depo. at 75-77.  Once the grievance had been rejected for a procedural reason, there was no remedy available for plaintiff to exhaust.  <u>Ngo</u>, 408 F.3d at 625.  Because defendants have not rebutted the suggestion that a grievance concerning the alleged discriminatory policy had been "screened out," thus rendering the grievance procedure unavailable, they have not borne their burden of showing plaintiff's failure to exhaust these claims.

IT IS HEREBY RECOMMENDED that:

1.  The motion to dismiss as to defendants Alameida, Runnels, McDonald, Minnick, Norguard and Cook be denied; and

2.  The motion to dismiss as to defendants Fleming, Iannone, McCoy, Harden, Abamonga, Hitchcock and Rush be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

/////

/////

/////

/////

1    shall be served and filed within five days after service of the objections.  The parties are advised

2    that failure to file objections within the specified time may waive the right to appeal the District

3    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4    DATED:   August 23, 2005.

5

6    _____
     UNITED STATES MAGISTRATE JUDGE

7

8

9

10   2/hall1595.57

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26