IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY A. HALL,

    Plaintiff,                          No. CIV S-03-1595 DFL KJM P

    vs.

EDWARD S. ALAMEIDA, et al.,

    Defendants.                     <u>ORDER</u>

/

        Plaintiff, a former state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On June 27, 2006, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Defendants have filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations as to plaintiff's equal protection and due process claims to be supported by the record and by proper analysis.

1

1    The court, however, does not adopt the findings and recommendations as to plaintiff's
2 Eighth Amendment denial of exercise claim.  The findings and recommendations overstate the
3 period plaintiff was denied exercise.  The record supports a finding that plaintiff was locked
4 down between forty-two and sixty-four days, rather than the sixty to ninety days cited by the
5 magistrate judge.  More importantly, plaintiff's allegations do not raise a genuine issue of
6 material fact as to whether the denial of exercise violated his Eighth Amendment rights.  This
7 action does not resemble Allen v. Sakai, 40 F.3d 1001 (9th Cir. 1994).  The prisoner in *Allen* was
8 denied exercise due to "logistical problems" during a six-week stay in the Special Holding Unit
9 following disciplinary infractions.  Id. at 1004.  In contrast, defendants justify Hall's denial of
10 exercise based upon continuing security threats stemming from a violent race riot within the
11 prison.  Here, as in Hayward v. Procunier, a genuine emergency existed necessitating lockdown,
12 denial of exercise was temporary and regularly reassessed, and restrictions were eased as the
13 emergency situation permitted.  629 F.2d 599, 603 (9th Cir. 1980).  The outbreak of another
14 violent riot days after the lockdown's end suggests that, if anything, defendants may have
15 removed restrictions too quickly.  Contrary to the magistrate judge's findings and
16 recommendations, defendants provide numerous reasons for denying exercise for inmates
17 uninvolved in the riot, such as continuing uncertainty as to which inmates were involved, the
18 difficulty in assessing the threat posed by inmates arriving after the riot, and pressure on inmates
19 not previously involved to commit new acts of violence.  Therefore, undisputed evidence shows
20 that the denial of exercise was justified and not cruel and unusual punishment.
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 27, 2006 are adopted except as to plaintiff's denial of exercise claim; and

2. Pursuant to this court's supplemental analysis regarding plaintiff's denial of exercise claim, defendants' motion for summary judgment is granted.

Dated: 9/29/2006

*[signature]*

DAVID F. LEVI
United States District Judge